No. 795

STATE ex v. MEYER et al.

Ohio Appeals, 6th Dist., Lucas Co.

Nos. 1409, 1410. Decided June 24, 1925

In Quo Warranto

215. CEMETERIES—1. A natural person or an association of them (not a corporation) may, subject to regulations which have been passed by the legislature of the state under its police power, own and operate a cemetery for profit or otherwise, as they may see fit.

2. Since questions of whether or not individuals may form cemetery associations has not been passed upon by the legislature, the desire to engage in such business to be left to the individuals themselves.

PARDEE, P. J.

These are two actions in quo warranto, brought in the Lucas Court of Appeals by the State on the relation of Roy R. Stuart, prosecuting attorney, by virtue of 12303 GC., against Norman Meyer, Orra Pelton, Dorr Johnson, and John Muth in cause No. 1409; and against the Toledo Memorial Park & Cemetery Association in cause No. 1410.

The plaintiff claims in No. 1409 that the defendant trustees are exercising corporate powers which are vested in cemeterys of municipal or townships corporations, and religious benevolent associations; and that the trustees by so acting are attempting to make a profit out of the sale of burial lots in a public cemetery.

Under No. 1410 plaintiff claims it is misusing its corporate authority, franchises and privileges in that it has entered into a contract with the trustees named in case No. 1409, whereby the latter are to do the work of laying out, improving and developing a tract of land for public cemetery purposes and retain the entire proceeds of the sale of lots up to $75,-000; and thereafter turn over further proceeds of such sales in excess of $75,000 to the Cemetery Association to the extent of 20% thereof, not to be less than $3000 per acre for a permanent care fund, the trust retaining all the remainder as its profit.

The Court of Appeals held:

1. The questions which arise are: Are the trustees acting as a corporation without being legally incorporated? and, Is said defendant corporation using its corporate authority, franchises and privileges contrary to and in violation of law?

2. In this state three classes of corporations are authorized to acquire and hold land for cemetery purposes.

(a) A city or village, for a municipal cemetery.

(b) The trustees of a township for a township or joint cemetery; and

(c) A cemetery association incorporated under the laws of Ohio not for profit.

3. We are unable to agree with the plaintiffs that 4154, 4183 and 4187 GC. sustain their contention that no one but the foregoing three kinds of corporations and religious and benevolent associations, are permitted to own or operate cemeteries within this state; but the foregoing sections apply only to cemeteries owned either by a municipality or by two or more municipalities, or by such corporation or corporations, or the trustees of a township or townships.

4. Not finding any legislative prohibition against others than those mentioned, from owning and operating cemeteries for profit whether there is any public policy against the same being done by an individual or an association of them, must be determined.

5. The legislature has not yet seen fit to permit cemetery corporations to be organized for profit, but it likewise has not seen fit to prohibit individuals from exercising the natural rights which they have always had so to do, leaving the question whether they desire to engage in such business to be decided by the individuals themselves.

6. A natural person or an association of persons (not a corporation) may, subject to the regulations which have been passed by the legislature of this state under its police power own and operate a cemetery for profit or otherwise, as they may see fit.

7. In No. 1409, such trustees are not an association of persons acting as a corporation, but they are exercising a natural right of buying and selling real estate, which right has always existed and been protected under the laws of Ohio.

8. In No. 1410, there is a question of mixed law and fact to be determined by the construction of the contract entered into with trustees. Upon consideration we find that the Association did not misuse its corporate authority as charged or has exercised the same in violation of law.

Petition of plaintiff dismissed.

Attorneys—Roy R. Stuart, H. S. Commager and P. R. Raylor for State ex; Edward H. Ray for Meyers et; all of Toledo.